**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dylan Cain, et al., | No. CV-25-03017-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Barrett-Jackson Holdings LLC, | |
| Defendant. | |

Plaintiff Dylan Cain filed this action in federal court by invoking jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. 1 at 6 ¶ 25.) The complaint asserts that Defendant Barrett-Jackson Holdings, LLC is "a limited liability company formed under the laws of Delaware and with its principal place of business at 15555 North 79th Place, Scottsdale, Arizona 85260." (*Id.* ¶ 24.) The complaint further alleges that Plaintiff "was a resident and citizen of the State of Washington" at all relevant times. (*Id.* at 5 ¶ 21.) These allegations are insufficient to establish jurisdiction under CAFA.

Under CAFA, federal jurisdiction exists where there is minimal diversity, an aggregate amount in controversy exceeding $5,000,000, and at least 100 putative class members. § 1332(d)(2), (d)(5)(B). Minimal diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *Id.* § 1332(d)(2)(A). For a limited liability company ("LLC"), citizenship is determined by the citizenship of every one of its members, not by its state of organization or principal place of business.

*See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The citizenship of each LLC member must be disclosed, and ownership must be traced through each layer "until reaching a natural person or a corporation." *City of E. St. Louis, Ill. v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). The present allegations do not identify the members of Barrett-Jackson Holdings, LLC or their citizenships, and therefore do not allow the Court to assess minimal diversity or any potential CAFA exception. *See Rosenwald v. Kimberly-Clark Corp.*, No. 24-299, 2025 WL 2715322, at *3 (9th Cir. Sept. 24, 2025).

Additionally, pursuant to Federal Rule of Civil Procedure 7.1 and LRCiv 7.1.1, Defendant must file a disclosure statement. Specifically, Federal Rule of Civil Procedure ("Rule") 7.1(a)(2) provides that "[i]n an action in which jurisdiction is based on diversity under § 1332(a)," a party must file a disclosure statement naming—and identifying the citizenship of—every individual or entity whose citizenship is attributed to that party. Although Rule 7.1(a)(2) refers to § 1332(a), the Court finds that, as to Defendant, the same disclosure obligation appropriately applies in cases invoking jurisdiction under § 1332(d).

**IT IS THEREFORE ORDERED** that, on or before **October 6, 2025**, Plaintiff must file a supplement to the complaint fully and properly pleading subject-matter jurisdiction. Failure to comply will result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that, on or before **October 6, 2025**, Defendant Barrett-Jackson Holdings, LLC must file a disclosure statement as required by Rule 7.1 and LRCiv 7.1.1.

Dated this 26th day of September, 2025.

Michael T. Liburdi
United States District Judge